SunTrust Bank, Atlanta
Post Office Box 4655
Atlanta, GA 30302-4655
Tel (404) 588-7444
Fax (404) 230-1321

David M. Langford
Vice President

SUNTRUST

July 26, 1999

Internal Revenue Service
Atlanta, Ga. 39901

Gentlemen:

RE: ESTATE OF RANKIN M. SMITH, SR.
SSN: 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
DATE OF DEATH: 10-26-97
AMENDED FORM 706 FILED PURSUANT TO TREASURY
REGULATION SECTION 301.9100-2

I enclose an amended Form 706, U.S. Estate (and Generation-Skipping Transfer) Tax Return, for the above estate. This return, which is being filed under an extension of time granted by Treasury Regulation 301.9100-2, has been amended to reflect a special allocation of a portion of the decedent's unallocated generation-skipping tax exemption. The only schedule of this amended return which differs from the original return is Schedule R. There is no change to the estate tax liability.

Please associate this amended return with the original Form 706.

Thank you.

Sincerely,

David M. Langford
/encl.

Form 706 (Rev. 4-97) ESTATE OF RA...N M. SMITH

# SCHEDULE R -- Generation-Skipping Transfer Tax

**Note:** To avoid application of the deemed allocation rules, Form 706 and Schedule R should be filed to allocate the GST exemption to trusts that may later have taxable terminations or distributions under section 2612 even if the form is not required to be filed to report estate or GST tax.

The GST tax is imposed on taxable transfers of interests in property located **outside the United States** as well as property located inside the United States.

See instructions beginning on page 17.

**Part 1. —** GST Exemption Reconciliation (Section 2631) and Section 2652(a)(3) (Special QTIP) Election

You no longer need to check a box to make a section 2652(a)(3) (special QTIP) election. If you list qualifying property in Part 1, line 9, below, you will be considered to have made this election. See page 19 of the separate instructions for details.

| | | | |
|---|---|---|---|
| 1 | Maximum allowable GST exemption | 1 | $1,000,000 |
| 2 | Total GST exemption allocated by the decedent against decedent's lifetime transfers | 2 | 85,668.00 |
| 3 | Total GST exemption allocated by the executor, using Form 709, against decedent's lifetime transfers | 3 | 80,000.00 |
| 4 | GST exemption allocated on line 6 of Schedule R, Part 2 | 4 | 0.00 |
| 5 | GST exemption allocated on line 6 of Schedule R, Part 3 | 5 | 633,898.89 |
| 6 | Total GST exemption allocated on line 4 of Schedule(s) R-1 | 6 | 0.00 |
| 7 | Total GST exemption allocated to intervivos transfers and direct skips (add lines 2-6) | 7 | 799,566.89 |
| 8 | GST exemption available to allocate to trusts and section 2032A interests (subtract line 7 from line 1) | 8 | 200,433.11 |
| 9 | Allocation of GST exemption to trusts (as defined for GST tax purposes): | | |

| A<br>Name of trust | B<br>Trust's EIN (if any) | C<br>GST exemption allocated on lines 2-6, above (see instructions) | D<br>Additional GST exemption allocated (see instructions) | E<br>Trust's inclusion ratio (optional -- see instructions) |
|---|---|---|---|---|
| THE CHARLOTTE T. SMITH 1993 FAMILY TR B | | 165,668.00 | 150,000.00 * | |

*IN ADDITION, THE EXECUTOR ELECTS TO ALLOCATE SO MUCH OF THE REMAINING UNALLOCATED EXEMPTION AMOUNT, UP TO AND INCLUDING $50,433, AS IS IN EXCESS OF THE AMOUNT OF EXEMPTION NEEDED TO REDUCE TO ZERO THE GENERATION-SKIPPING TRANSFER TAX IMPOSED ON THE TRANSFERS RETURNED AT SCHEDULE R, PART 3, BASED ON VALUES AS FINALLY DETERMINED.

| | | | |
|---|---|---|---|
| 9D | **Total.** May not exceed line 8, above | 9D | 150,000.00 |
| 10 | GST exemption available to allocate to section 2032A interests received by individual beneficiaries (subtract line 9D from line 8). You must attach special use allocation schedule (see instructions) | 10 | |

(The instructions to Schedule R are in the separate instructions.)



CAA 7 70SR1 NTF 9818

Copyright Forms Software Only, 1997 Nelco, Inc.

# SEGREGATION AND SEVERANCE OF THE CHARLOTTE TOPPING SMITH 1993 FAMILY TRUST DATED DECEMBER 9, 1993

WHEREAS, the Charlotte Topping Smith 1993 Family Trust (the "Trust") was created by Charlotte Topping Smith (the "Grantor") on December 9, 1993; and

WHEREAS, the Grantor made gifts to the Trust in each of the years 1993 - 1998; and

WHEREAS, the Grantor's husband, RANKIN M. SMITH, consented to have the gifts made in each of the years 1993 - 1997 treated as having been made one-half (½) by him, causing him to be the transferor with respect to such portion of such gifts for purposes of the generation-skipping transfer tax (the "GST"); and

WHEREAS, Section 2654(b) of the Internal Revenue Code of 1986, as amended (the "Code") and Section 26.2654-1(a)(2) of the Treasury Regulations promulgated under Code Section 2654 (the "Regulations") provide that if there is more than one transferor with respect to a trust, the portions of the trust attributable to different transferors are treated as separate trusts for purposes of the GST; and

WHEREAS, Section 26.2654-1(a)(3) of the Regulations provides that a single trust treated as separate trusts because the trust has more than one transferor may be divided at any time into separate trusts to reflect separate trust treatment for purposes of the GST; and

WHEREAS, the Trustees of the Trust have the power, pursuant to Paragraph H of Article V, to divide the Trust into two (2) separate trusts to reflect the separate treatment for purposes of the GST.

NOW THEREFORE, JAMES A. TOPPING, JOHN A. TOPPING, LEIGH TOPPING BRADY and THOMAS S. TOPPING, as the Trustees of the Trust, hereby divide the Trust into two (2) separate trusts, to be known generally as (i) the "Charlotte Topping Smith 1993 Family Trust A," which shall consist of the portion of the Trust as to which Charlotte Topping Smith is the transferor for purposes of the GST, and (ii) the "Charlotte Topping Smith 1993 Family Trust B," which shall consist of the portion of the Trust as to which Rankin M. Smith is the transferor for purposes of the GST. The division of the Trust shall be effected as follows:

1. The Charlotte Topping Smith 1993 Family Trust A shall consist of a fraction of the Trust property, the numerator of which shall be the total gifts of which Charlotte Topping Smith is the transferor and the denominator of which shall be the total of all gifts made to the Trust.

2. The Charlotte Topping Smith 1993 Family Trust B shall consist of a fraction of the Trust property, the numerator of which shall be the total gifts of which Rankin M. Smith is the transferor and the denominator of which shall be the total of all gifts made to the Trust.

3. The Trust will be severed on a fractional basis based on the values of the Trust assets as of December 1, 1998.

4. Each trust created pursuant to this Segregation and Severance shall have identical provisions and shall continue to be governed by and administered in accordance with the terms of the Trust.

This 10th day of December, 1998.

As to JAMES A. TOPPING, as Trustee,
sworn to, signed, sealed and delivered on
this 10th day of December, 1998,
in the presence of:

______________________
Unofficial Witness

______________________ (SEAL)
JAMES A. TOPPING, Trustee

______________________
Notary Public

Notary Public, Gwinnett County, Georgia
My Commission Expires Aug. 4, 2000

My commission expires: ____________

As to JOHN A. TOPPING, as Trustee,
sworn to, signed, sealed and delivered on
this 10th day of December, 1998,
in the presence of:

______________________
Unofficial Witness

______________________ (SEAL)
JOHN A. TOPPING, Trustee

______________________
Notary Public

Notary Public, Gwinnett County, Georgia
My Commission Expires Aug. 4, 2000

My commission expires: ____________

As to LEIGH TOPPING BRADY, as Trustee,
sworn to, signed, sealed and delivered on
this 10 day of December 1998,
in the presence of:

_______________________
Unofficial Witness

_______________________ (SEAL)
LEIGH TOPPING BRADY, Trustee

_______________________
Notary Public

My commission expires: Notary Public, Gwinnett County, Georgia My Commission Expires Aug. 4, 2000

As to THOMAS S. TOPPING, as Trustee,
sworn to, signed, sealed and delivered on
this 10th day of December, 1998,
in the presence of:

_______________________
Unofficial Witness

_______________________ (SEAL)
THOMAS S. TOPPING, Trustee

_______________________
Notary Public

My commission expires: Notary Public, Gwinnett County, Georgia My Commission Expires Aug. 4, 2000