Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Type or print | |
|---|---|
| Name of claimant: **Estate of Rankin M. Smith, Sr.** | Your SSN or ITIN: **252 : 36 : 6181** V |
| Address (number, street, and room or suite no.): **c/o Allen L. Venet, First Vice President, SunTrust Bank, Atlanta** | Spouse's SSN or ITIN: : : |
| City or town, state, and ZIP code: **P.O. Box 4655, Dept. GA-Atl-213, Atlanta, GA 30302** | Employer identification number (EIN): **58 : 6354904** |
| Name and address shown on return if different from above | Daytime telephone number: ( **404** ) **724-3473** |

1 **Period.** Prepare a separate Form 843 for each tax period From 10 / 26 / 1997 to Date of Death / /

2 Amount to be refunded or abated $ **1,385,838.61***

3a Type of tax, penalty, or addition to tax:
☐ Employment ☑ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ ____________

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See attached "SUMMARY STATEMENT OF GROUNDS IN SUPPORT OF THIRD CLAIM FOR REFUND OF FEDERAL ESTATE TAXES AND ACCRUED DEFICIENCY INTEREST."**

***The Estate also claims a refund of all statutory interest that would be due and owing on any refund of the $1,385,838.61, or any portion thereof, which constitutes an overpayment.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

SunTrust Bank, Co-Executor, by [signature], First Vice Pres. Allen L. Venet — 2-14-2007
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

See attached pages for signatures and declarations of other Co-Executors
Signature — Date

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

**Form 843 – Claim for Refund and Request for Abatement**

**Estate of Rankin M. Smith, Sr.**
**SSN: 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 V**
**Date of Death: October 26, 1997**
**c/o SunTrust Bank, Atlanta**
**PO Box 4655 Dept. GA-Atl-213**
**Atlanta, GA 30302**

**EIN: 58-6354904**

**Attachment One**

Additional Executor's Signature

By: Taylor W. Smith
Taylor W. Smith

Title: Co-Executor

Date: 2-13-07

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

**Form 843 – Claim for Refund and Request for Abatement**

**Estate of Rankin M. Smith, Sr.**
**SSN: 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 V**
**Date of Death: October 26, 1997**
**c/o SunTrust Bank, Atlanta**
**PO Box 4655 Dept. GA-Atl-213**
**Atlanta, GA 30302**

**EIN: 58-6354904**

**Attachment Two**

Additional Executor's Signature

By: ______________________
Rankin M. Smith, Jr.

Title: Co-Executor

Date: 2-13-2007

**ESTATE OF RANKIN M. SMITH, SR.**
**DECEDENT'S SSN: 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 V**
**ESTATES EIN: 58-6354904**

# SUMMARY STATEMENT OF GROUNDS IN SUPPORT OF THIRD CLAIM FOR REFUND OF FEDERAL ESTATE TAXES AND ACCRUED DEFICIENCY INTEREST

The Estate of Rankin M. Smith, Sr. (the "Estate") is filing this claim for refund related to its payment to the Internal Revenue Service (the "IRS") of $1,385,838.61 made on February 5, 2007 (the "Third Refund Claim"). As discussed more fully below, this payment was necessary because the IRS failed to allow a deduction for interest paid by the Estate pursuant to its election under section 6166 of the Internal Revenue Code (the "Code"), which interest was claimed by the Estate as an administration expense under Code section 2053 in its first claim for refund filed on January 25, 2002 (the "First Refund Claim") and again in its second claim for refund filed on September 13, 2002 (the "Second Refund Claim," and together with the First Refund Claim, the "Prior Refund Claims"). A copy of the First Refund Claim is attached as Exhibit A and a copy of the Second Refund Claim is attached as Exhibit B. The Estate's entitlement to the deduction of these interest payments was set forth in the Prior Refund Claims and is incorporated by reference as if fully set forth herein. Furthermore, the other bases asserted for refund of an overpayment of tax in the Prior Refund Claims are also incorporated by reference as if fully set forth herein.

## Background

Rankin M. Smith, Sr. died on October 26, 1997. The Estate of Rankin M. Smith, Sr. (the "Estate") timely filed Form 706, United States Estate (and Generation Skipping Transfer) Tax Return, with the Internal Revenue Service Center in Atlanta, Georgia on January 26, 1999, pursuant to extension (the "Original Return"). The Original Return reported a gross taxable estate of $23,516,235, and a tax liability of $9,750,765. The Original Return subsequently was

amended on July 26, 1999 to reflect a special allocation of a portion of Mr. Smith's unallocated generation-skipping transfer tax exemption, which resulted in changes to only Schedule R. The Estate elected to defer the payment of its estate tax obligation under Code section 6166. The Estate's qualification for such deferral has never been questioned or challenged by the IRS. Pursuant to its election to defer the payment of its estate taxes under Code section 6166, the Estate made interest payments to the IRS on the deferred estate tax liability, including payment of $325,443 (received by the IRS on August 2, 1999), $723,206 (received by the IRS on August 1, 2000), $840,361.74 (received by the IRS on July 26, 2001), and any such portion of the $19,290,867 payment (received by the IRS on March 1, 2002) which was properly allocable to Code section 6166 interest. Without explanation, the IRS erroneously denied the Estate a deduction for any and all payments of interest which the Estate was required to make and undeniably made as a result of its section 6166 election.

**The Prior Refund Claims**

The First Refund Claim, filed on January 25, 2002, claimed a $12,730,733.23 reduction in the taxable estate based on a $5,369,999.95 reduction (from $25,369,999.95 to $20,000,000) in the previously-reported fair market value of the Estate's shares of common stock in The Five Smiths, Inc., which owned the Atlanta Falcons NFL football franchise (the "Company"), together with an additional $7,360,733.28 in deductions for administration expenses actually paid (including interest on the estate tax deferred under Code section 6166). In the First Refund Claim, the Estate claimed that it was entitled to a refund in the amount of $5,478,849.74 in overpaid tax, plus statutory interest. The Estate also protectively claimed the full amount of the state death tax credit that would be appropriate based on the amount of the taxable estate as finally determined.

On the same date that the Estate filed the First Refund Claim, the IRS issued a Notice of

Deficiency to the Estate asserting a deficiency in tax of $13,644,400. As grounds for the deficiency, the IRS asserted that the fair market value of the Estate's shares in the Company was $48,685,000, rather than the $25,369,999.95 reported by the Estate on its Original Return. Based on this value, the IRS asserted an increase of $23,315,000 in the gross taxable estate. The Notice of Deficiency also was based on the IRS's determination that, as of the date of death, the decedent's personal liability as a general partner of Falcons Nest I, Ltd., a Georgia limited partnership ("Falcons Nest"), was $2,578,312, rather than $4,071,312 as reported on the Original Return, thereby increasing the taxable estate by an additional $1,493,000. In the aggregate, the Notice of Deficiency increased the gross taxable estate from $23,516,235 as reported on the Original Return to $48,324,235 and increased the tax due from $9,750,765 to $23,395,165.

In February 2002, the Company sold the Atlanta Falcons, as a result of which the Estate was no longer eligible to defer its estate tax obligation under Code section 6166. On March 1, 2002, the Estate paid $19,290,867 to the IRS, which the Estate had determined constituted full payment of its estate tax liability, including those amounts asserted in the Notice of Deficiency.

The Second Refund Claim, filed on September 13, 2002, challenged the increase to the valuation of the Estate's shares in the Company and the reduction of the decedent's personal liability as a general partner of Falcons Nest that the IRS had made in its Notice of Deficiency, and claimed the additional $7,360,733 in administration expenses above those claimed in the Original Return. When the Second Refund Claim was filed, the IRS had not yet acted on the Estate's First Refund Claim, and the Estate incorporated the First Refund Claim into its Second Refund Claim. In the Second Refund Claim, the Estate claimed that it was entitled to a refund in the amount of $15,722,549, consisting of $12,591,295 in overpaid tax and $3,131,254 of deficiency interest. Prior to filing the Second Refund Claim, the Estate had paid additional state death taxes to Georgia and Florida as a result of the IRS's increase to the taxable estate in the

Notice of Deficiency. These additional state taxes were claimed in the Second Refund Claim and in addition the Second Refund Claim protectively claimed, under Code section 2011, credit for additional state death taxes paid as a result of the IRS's increase to the value of the taxable estate in the Notice of Deficiency. The Second Refund Claim also claimed deductions for all interest payments made by the Estate pursuant to its election under Code section 6166.

**Denial of the Prior Refund Claims and Subsequent Refund Suit**

On March 23, 2005, the IRS jointly and separately disallowed the Prior Refund Claims, and, on September 23, 2005, the Estate filed suit in the Court of Federal Claims on the Prior Refund Claims. In March 2006, the Department of Justice trial attorney provided the Estate's counsel with a transcript of account (Form 4340) for the Estate which showed a balance due of $4,276,648.61 that the government alleged corresponded entirely to tax. The Estate, however, determined that the balance on the Transcript was the result of the IRS not crediting the Estate for additional state death taxes paid as a result of the IRS's increase to the taxable estate in the Notice of Deficiency and not allowing the deductions for interest payments made by the Estate pursuant to its election under Code section 6166.

**Reconsideration of the State Death Tax Credit and the Section 6166 Interest Payments Claimed in the Prior Refund Claims**

In September 2006, the Estate voluntarily dismissed its refund suit in the Court of Federal Claims without prejudice to refiling in order to allow the IRS to administratively reconsider the Estate's claims for the additional state death tax credits and for deductions of interest payments made pursuant to its Code section 6166 election, which claims had been asserted in the Prior Refund Claims. Upon reconsideration, the IRS increased the state death tax credit to the Estate by $2,890,810 and abated the estate tax due by this amount. The IRS, however, did not allow $100 of the credit claimed for state death taxes paid by the Estate to Georgia and Florida or any of the deductions claimed by the Estate for its section 6166 interest payments. As a result, a

balance of $1,385,838.61 in taxes remained on the Estate's transcript of account after the abatement for the additional state death tax credit, which equaled the prior balance of $4,276,648.61 minus the $2,890,810 additional credit for state death taxes. The Estate paid this remaining tax balance of $1,385,838.61 on February 5, 2007.

**Bases for the Third Refund Claim**

This Third Refund Claim requests a refund of all or any portion of the $1,385,838.61 paid to the IRS on February 5, 2007 that would constitute an overpayment for any of the reasons set forth in the Prior Refund Claims attached hereto. For this purpose, the bases upon which refunds were requested in the Prior Refund Claims are fully incorporated herein. In addition, without limiting this incorporation of the Prior Refund Claims, this Third Refund Claim specifically requests a refund of any amount of the $1,385,838.61 which constitutes an overpayment when the deduction of the Estate's interest payments pursuant to its election under section 6166 (as set forth above) is allowed.

This Third Refund Claim also protectively claims a refund of any overpayment resulting once the Estate's final estate tax liability under Code section 2001 is computed with deductions for all administration expenses actually paid or incurred through the final winding up of the Estate, plus statutory interest. This refund should take into account the full amount of the state death tax credit that would be appropriate under Code section 2011 based on the amount of the taxable estate as finally determined. In addition, the Estate protectively claims a refund corresponding to any deduction for administration expenses, including those set forth in the Prior Refund Claims for which additional amounts have been, or may in the future be, incurred by the Estate beyond those estimates set forth in the Prior Refund Claims, including, without limitation, any and all legal expenses incurred in connection with the administrative proceedings before the IRS and any suit for refund related to the Prior Refund Claims or this Third Refund Claim. *See*

Treas. Reg. § 20.2053-1(b)(3) (refund allowed where the amount of administration expenses as finally determined exceeds the estimated amount thereof).

In addition, if the value of the Estate is ultimately found to be less than determined by the IRS in its Notice of Deficiency, the Estate further claims a refund of any corresponding overpayment of tax and a refund of any corresponding decrease in the amount of the Code section 6166 interest payments themselves. The Estate also claims a refund of all statutory interest that would be due and owing on any refund of any portion of the $1,385,838.61 payment which constitutes an overpayment.

## [FIRST CLAIM FOR REFUND (FILED JANUARY 25, 2002)
## AND
## SECOND CLAIM FOR REFUND (FILED SEPTEMBER 13, 2002)]

## [EXHIBITS NOT INCLUDED]