IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-676 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK,
TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-executors,

Plaintiff

v.

UNITED STATES,

Defendant

ANSWER

Defendant, the United States, in answer to the complaint of plaintiff, Estate of Rankin M. Smith, Sr., Suntrust Bank, Taylor W. Smith, and Rankin M. Smith, Jr., Co-executors, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. Admits that Rankin M. Smith, Sr. died on October 26, 1997; admits that the Estate's taxpayer identification number is 58-6354904; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the complaint.

2. Admits the allegations in paragraph 2 of the complaint.

3. Admits that jurisdiction, to the extent it exists, would be based on 28 U.S.C. § 1491, not 28 U.S.C. § 1346 as alleged in the complaint.

4. Denies the allegations in paragraph 4 of the complaint.

5. Avers that paragraph 5 of the complaint sets forth only conclusions of law to which no response is required.

6. Admits the allegations in paragraph 6 of the complaint but avers that the Form 706 was filed on February 1, 1999, not January 26, 1999 as alleged in the complaint.

7. Admits the allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8 of the complaint but avers that the Amended Form 706 was filed on July 27, 1999, not July 26, 1999 as alleged in the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. Admits that on January 25, 2002, the IRS issued a Notice of Deficiency asserting a deficiency in tax of $13,644,400.00, and that Exhibit D is a copy of that Notice of Deficiency; avers that the best evidence of the contents of the Notice of Deficiency is the document itself, but admits that the deficiency in tax determined by the IRS was based on an increase in the taxable estate in the amount of $23,516,235.00; and, denies the remaining allegations in paragraph 10 of the complaint.

11. Admits that the Estate paid $19,290,867.00 in additional tax and interest on March 1, 2002; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the complaint.

12-16. Admits the allegations in paragraphs 12-16 of the complaint.

17. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Defendant, in response to paragraph 18, incorporates and reiterates its responses to paragraphs 1-17 of the complaint.

19. Admits that the IRS determined that the value of the Estate should be increased to $48,324,235.00 and that tax due should be increased to $23,395,195.00; denies all remaining allegations in paragraph 19 of the complaint.

20. Admits the allegations in paragraph 20 of the complaint.

21. Admits that the Company owned and operated the Falcon's franchise at the time of decedent's death; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the complaint.

22. Admits that the decedent was the Chairman of the Board of the Company on the date of his death; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the complaint.

23. Admits the allegations in paragraph 23 of the complaint.

24. Sates that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 24 of the complaint; admits the remaining allegations in paragraph 24 if the complaint.

25. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. Admits that on March 25, 1991, 2,283 shares of Class B stock in the Company, representing a 6% interest, were sold to Mr. Imlay, and 2,283 shares of Class B stock in the

Company, representing a 6% interest, were sold to Mr. Brown; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the complaint.

27-38. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27-38 of the complaint.

39. Admits the allegations in paragraph 39 of the complaint.

40. Admits that the IRS retained Willamette Management Associates to appraise the Decedent's shares and that Willamette concluded that the fair market value of those shares on October 26, 1997, was $48,685,020.00; denies the remaining allegations in paragraph 40 of the complaint.

41. Admits that the Estate subsequently retained Standard & Poor's Corporate Value Consulting to appraise the value of Decedent's shares and that it concluded that the value of the shares was $20,000,000.00; admits that the Estate filed a second refund claim seeking a reduction in the value of the taxable estate of approximately $5,500,000.00; denies the remaining allegations in paragraph 41 of the complaint.

42. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint.

43. Denies the allegations in paragraph 43 of the complaint.

44. Admits the allegations in paragraph 44 of the complaint.

45. Admits the allegations in paragraph 45 of the complaint.

46-47. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 46 and 47 of the complaint.

48. Admits that the Estate retained Childers Associates to appraise the Falcon's Nest properties and that it concluded that the fair market value of those properties on October 26, 1997, was $6,710,000.00; denies the remaining allegations in paragraph 48 of the complaint.

49. Admits that the IRS determined that the fair market value of the Fancon's Nest properties on October 26, 1997, was $8,203,000.00; denies the remaining allegations in paragraph 49 of the complaint.

50. Denies the allegations in paragraph 50 of the complaint.

51. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52. Denies the allegations in paragraph 52 of the complaint.

53. Defendant, in response to paragraph 53, incorporates and reiterates its responses to paragraphs 1-52 of the complaint.

54. Paragraph 54 of the complaint sets forth only conclusions of law to which no response is required.

55. Admits the allegations in paragraph 55 of the complaint.

56. Admits that the Estate's Refund claims claimed deductions for $7,630,733.00 in additional administrative expenses; states that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the complaint.

57. Denies the allegations in paragraph 57 of the complaint.

58. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the complaint.

WHEREFORE, defendant prays that the complaint of plaintiff, Estate of Rankin M. Smith, Sr., Suntrust Bank, Taylor W. Smith, and Rankin M. Smith, Jr., Co-executors, be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems appropriate and just.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/David Gustafson
Of Counsel

November 26, 2007