# In The United States Court of Federal Claims

* * * * * * * * * * * * * * * *

**ESTATE OF RANKIN M. SMITH, Sr., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, Jr., Co-Executors,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * *

**No. 07-676T**
**Filed: December 5, 2007**

## O R D E R

The court held a status conference in the above-captioned case on November 30, 2007, with the parties appearing by telephone. As discussed with the parties at the conference, RCFC 26(a) initial disclosures shall occur on or before **Tuesday, January 15, 2008**; expert reports shall be exchanged on or before **Tuesday, April 15, 2008**; and discovery shall close on or before **Monday, June 16, 2008**. The parties shall consult on the possibility of settlement during the discovery process. The court **SCHEDULES** a status conference for **Monday, June 30, 2008, 10:30 a.m.** The parties may appear for the conference by telephone. Unless otherwise notified, defendant's counsel will be called at (202) 307-6506, and plaintiff's counsel shall be called at (202) 776-2714. The parties will be prepared to discuss the close of discovery, settlement possibilities, motion practice and the trial schedule outlined below. At any point, if either party contemplates filing a motion for summary judgment or partial summary judgment, that party shall request a status conference before filing the motion.

If all matters in this case are not settled or previously resolved, the court **SCHEDULES** a trial in this case to commence on **Monday, September 22, 2008, at 9:00 a.m.**, and to continue through **Friday, September 26, 2008**, or until all evidence is taken, in a courtroom at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC 20005.

The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC) are modified as described below. The filings with the court are to include:

a. Witness List. On or before **Monday, August 4, 2008**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the

parties shall indicate the party for which the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties also shall indicate whether or not they are willing to take any overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting.

b. Stipulations. On or before **Monday, August 4, 2008**, the parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial. The stipulations shall include citations, by exhibit, page and paragraph numbers, to the trial exhibits discussed below.

c. Issues of Fact and Law. On or before **Monday, August 4, 2008**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

d. Joint Trial Exhibit List. On or before **Monday, August 4, 2008**, the parties shall file a joint trial exhibit list divided into the following five sections:

> (1) Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.
>
> (2) Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the Bates page numbering sequence to begin following the completion of the sequence of numbers used for the joint exhibits.
>
> (3) Defendant's exhibits, to be numbered 200-299 or 2000-2999, the Bates page numbering sequence to begin following the completion of the sequence of numbers used for the plaintiff's exhibits.
>
> (4) Plaintiff's objections to defendant's exhibits, including the basis for each objection.
>
> (5) Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits themselves shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages of each exhibit sequentially numbered, starting with page one of the first exhibit through the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Monday, August 4, 2008**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

The court **SCHEDULES** a pre-trial conference for **Thursday, September 4, 2008, 10:30 a.m. DST**. Counsel for both parties may appear by telephone. Unless otherwise notified, defendant's counsel will be called at (202) 307-6506, and plaintiff's counsel shall be called at (202) 776-2714. The purpose of the pre-trial conference is to ensure that the parties are ready for trial.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**